UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cr-0168-JRS-TAB |
| | ) | |
| JEREMY HENDERSON, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable James R. Sweeney, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on December 17, 2019, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on December 31, 2019, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On December 31, 2019, defendant Jeremy Henderson appeared in person with his appointed counsel, Joseph Cleary. The government appeared by Kathryn Olivier, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Troy Adamson.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Henderson of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.

2. A copy of the Petition was provided to Mr. Henderson and his counsel, who informed the court they had reviewed the Petition and that Mr. Henderson understood the violations alleged. Mr. Henderson waived reading of the Petition. The court summarized the allegations.

3. The court advised Mr. Henderson of his right to a preliminary hearing and of the rights he would have at a preliminary hearing. Mr. Henderson waived his right to a preliminary hearing and stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

4. The court advised Mr. Henderson of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Henderson, by counsel, advised that he would admit Violation Numbers 1, 2, and 3 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You must refrain from any unlawful use of a controlled substance."** |

On December 5, 2019, Mr. Henderson submitted a urine sample which tested positive for opiates, and cocaine. He was confronted with the result and denied using the substances. The sample was forwarded to Alere Laboratory for confirmation, which is currently pending.

As previously reported to the Court, on June 26, July 2, August 15, September 18, and December 15, 2019, Mr. Henderson submitted urine samples which tested positive for opiates and cocaine. He was confronted, and promptly admitted using both substances on the samples collected June 26, July 2, and August 15, 2019. The samples from September 18, and December 15, 2019, were confirmed positive for cocaine, codeine, and morphine by Alere Laboratory.

2     **"You shall reside in a residential reentry center (RRC) for a term of up to 6 months. You shall abide by the rules and regulations of the facility."**

On December 12, 2019, the probation officer verified the offender self-surrendered to the RRC as directed. On December 16, 2019, at approximately 2 p.m., Mr. Henderson walked out of the facility and did not return. He did not have authorization to leave the facility. The offender has absconded and his current whereabouts is unknown.

3     **"You shall be monitored by GPS Monitoring until you surrender to the residential reentry center, to commence as soon as practical and shall abide by all the technology requirements. You may be restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court-ordered obligations, or other activities as pre-approved by the probation officer."**

On November 6, 2019, the offender was placed on the GPS monitoring program. He was not employed, but had a schedule to be out of his residence during the week to assist with taking care of his children, some of whom are in temporary DCS custody and living in foster homes. He was not permitted to leave his residence on the weekends without approval. On November 16, 26, and December 8, 2019, Mr. Henderson left his residence and traveled to several locations without an approved schedule. On December 9, 2019, the offender left his residence at 2:14 a.m. and traveled without an approved schedule to a location in Beech Grove, Indiana.

6.     After asking Mr. Henderson a series of questions to ensure that his waiver of a hearing was knowing and voluntary, the court placed Mr. Henderson under oath and directly

inquired of Mr. Henderson whether he admitted violations 1, 2, and 3 of his supervised release set forth above. Mr. Henderson admitted the violations as set forth above.

8. The parties further stipulated that:

    (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b) Mr. Henderson's criminal history category is II.

    (c) The range of imprisonment applicable upon revocation of Mr. Henderson's supervised release, therefore, is 6 - 12 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties jointly recommended a sentence of twelve (12) months and one (1) day with no supervised release to follow.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the position of each party and the USPO, **NOW FINDS** that the defendant, JEREMY HENDERSON, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day with no supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Henderson stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Henderson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Henderson's supervised release, imposing a sentence of imprisonment of twelve (12) months and one (1) day with no supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 1/2/2020

                                            Debra McVicker Lynch
                                            United States Magistrate Judge
                                            Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system